UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>   v.<br><br>ATTORNEY GENERAL OF CALIFORNIA,<br><br>    Respondents. | No. 2: 14-cv-0650 KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 25, 2014, the court dismissed the original petition with leave to file an amended petition. (ECF No. 4.) The court dismissed the original petition because petitioner did not identify the conviction he challenged. (Id.) In addition, petitioner also challenged conditions of confinement, i.e., claims which should be raised in a civil rights action pursuant to 42 U.S.C. § 1983. (Id.)

On April 17, 2014, petitioner filed an amended petition. (ECF No. 7.) The amended petition identifies the case number of the challenged conviction and the crimes petitioner was convicted of committing. However, the amended petition does not identify the county of conviction. The court requires information regarding the county of conviction in order to determine whether venue is proper. In addition, while the amended petition lists petitioner's

////

1

claims, it is not clear whether these claims have been exhausted.[1]

Because the amended petition does not identify the county of conviction or indicate whether the claims are exhausted, the amended petition is dismissed with leave to file a second amended petition. Petitioner is directed to file his second amended petition on the form provided by the Clerk of the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended petition is dismissed with leave to file a second amended petition within thirty days of the date of this order; and

2. The Clerk of the Court is directed to send petitioner the form for a habeas corpus petition brought pursuant to 28 U.S.C. § 2254.

Dated: May 15, 2014

Hub650.ame

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U .S.C. § 2254(b)(1); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Anderson v. Harless, 459 U.S. 4, 6 (1982).

2